UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSH NORRIS, ET AL.                                CIVIL ACTION

VERSUS                                             NO: 14-1598

GARRY CAUSEY, ET AL.                               SECTION: "J"(4)

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* (**Rec. Doc. 27**) filed by Defendant, Karry Causey ("Defendant" or "Defendant Karry"), and an *Opposition* thereto (**Rec. Doc. 29**) by Plaintiffs, Josh and Jill Norris ("Plaintiffs"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED IN PART AND DENIED IN PART**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs Josh and Jill Norris are residents of the state of Michigan. After Hurricane Katrina in 2005, Mr. Norris, a licensed plumber, traveled to New Orleans to seek work. In April 2007, Plaintiffs met Defendant, Karry Causey, and his brother, Garry Causey. The Causeys proposed an investment to Plaintiffs, in which Plaintiffs would supply funds to purchase hurricane-damaged properties in New Orleans. The Causeys would then renovate the properties and sell them for a profit. The parties agreed to share

1

the profits of their venture equally. In furtherance of this proposed investment, Garry Causey drafted a Joint Venture Agreement. Plaintiffs signed the agreement and returned it to Garry Causey. Defendant Karry did not sign the agreement.

The Causeys recommended a property at 5103 Music Street ("the Music Street property") for their first renovation. Garry Causey was the owner of this property. On June 14, 2007, Plaintiffs delivered a check for $48,000 payable to Garry Causey for the renovations of the Music Street property. Garry Causey deposited the check on June 19. Defendant Karry then instructed Plaintiffs to pay for architectural plans for the property from a specific company. Plaintiffs allege that they spent $1,000 on the plans. Next, the Causeys approached Plaintiffs about another property located at 4767 Marigny Street ("the Marigny Street property"). Plaintiffs wrote Garry Causey a check for $45,000 for construction on the Marigny Street property. Garry Causey deposited the check on August 7, 2007. Plaintiffs made the initial $93,000 in payments using their equity line of credit.

Despite Plaintiffs providing funds for the projects, the Causeys failed to move forward on the renovations. According to Plaintiffs, the Causeys told them that Garry Causey was unable to acquire additional funding for construction and materials. In the

2

meantime, Plaintiffs had to pay monthly finance charges on their line of credit. The Causeys agreed to make monthly payments to Plaintiffs, but they stopped making payments after a few months.

In 2009, Garry Causey transferred his fifty percent interest in the Marigny Street property to Mark Anthony Holdings. Plaintiffs contend that Garry Causey is "involved" with this entity. Further, Mark Anthony Holdings owned the other fifty percent interest in the property, which it sold to Turn Our Lights on X, an entity in which Defendant Karry was involved. In 2014, the two entities constructed a residence on the property and sold it for a profit. The entities did not share the profit with Plaintiffs.

On July 10, 2014, Plaintiffs filed suit against Karry and Garry Causey for rescission of the Joint Venture Agreement and asking for a judgment holding Defendants liable for the principal amount of $93,000, interest, attorney's fees, costs, and any other damages allowed by law or equity. Plaintiffs alleged unjust enrichment, fraud, breach of contract, and other claims. After Garry Causey failed to answer the complaint, Plaintiffs received a default judgment against him on March 5, 2015. On December 3, 2015, Defendant Karry filed the instant motion. Plaintiffs filed an opposition on December 8.

**PARTIES' ARGUMENTS**

Defendant argues that he is entitled to summary judgment on Plaintiffs' unjust enrichment, breach of contract, and fraud claims. First, as to Plaintiffs' unjust enrichment claims, Defendant argues that he did not receive a benefit, as is required by law. Defendant points out that his brother deposited Plaintiffs' checks into his account and that the Plaintiffs have not produced any evidence showing that Defendant converted the funds to his benefit. Also, Defendant argues that he did not acquire an ownership interest in the Music Street or Marigny Street properties.

Second, on Plaintiffs' contract claim, Defendant argues that Louisiana law requires a contract concerning immovable property to be confected in writing. Further, Defendant claims that Plaintiffs cannot use parol evidence to prove the terms of an agreement that the law requires to be in writing. Because Plaintiffs and Defendant were not parties to a written agreement, Defendant argues that they are unable to prove a breach of contract. Finally, Defendant argues that Plaintiffs' fraud claim is subject to a one-year liberative prescription and that it has prescribed.

In their opposition, Plaintiffs argues that Defendant is not entitled to summary judgment. First, they contend that the parol

4

evidence rule does not apply to the contract in question. The agreement was to form a joint venture, not to purchase real property. Thus, Plaintiffs argue that the agreement need not be in writing and that they can introduce parol evidence to prove its terms. Second, Plaintiffs argue that summary judgment on their unjust enrichment claims is not timely because they are awaiting subpoena responses from the Causeys' banks that will show whether Garry Causey transferred funds to Defendant Karry. Also, Plaintiffs point out that Defendant was a member of Turn Our Lights on X, one of the entities that owned the Marigny Street property and sold it for a profit. Finally, Plaintiffs argue that fraud claims in the contract context are subject to a longer prescriptive period. Also, the "date of injury" in both tort and contract claims is the date the injured party had actual or constructive knowledge of the injury. Because this date is still uncertain, Plaintiffs argue that genuine issues of material fact exist.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R.

Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

6

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

**1. Breach of Contract Claim**

Defendant correctly asserts that Plaintiffs will not be able to prove their breach of contract claim because Defendant and Plaintiffs never confected a written joint venture agreement. The Louisiana Civil Code provides that a transfer of immovable property must be made in writing. La. Civ. Code art. 1839. As a corollary to this principle, "[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." La. Civ. Code art. 1832. This "parol evidence"

rule applies to contracts that directly affect title to real property, as well as to contracts where the parties "merely sought to derive benefits growing out of verbal agreements relating to the sales of immovable property." *Hayes v. Muller*, 158 So. 2d 191, 198 (La. 1963); *see John W. Stone Oil Distrib., L.L.C. v. River Oaks Contractors & Developers, Inc.*, 986 So. 2d 103, 107 (La. Ct. App. 2008).

Plaintiffs argue that the parol evidence rule does not apply to the contract at issue because it was primarily a joint venture agreement, not a contract to purchase real property. Plaintiffs are incorrect. The Louisiana Supreme Court and appellate courts have held that joint venture agreements pertaining to real property must also be in writing. *See, e.g. Hayes*, 158 So. 2d at 198 (La. 1963); *John W. Stone Oil Distrib., L.L.C.*, 986 So. 2d at 107. The purported agreement between Plaintiffs and Defendant Karry involved the purchase and sale of real property. Such agreements must be in writing, and parol evidence cannot be used to prove the contents of the contract. Thus, Defendant is entitled to summary judgment on Plaintiffs' breach of contract claim.

2. **Unjust Enrichment Claim**

Defendant argues that he is entitled to summary judgment on Plaintiffs' unjust enrichment claim because Plaintiffs have not

8

produced evidence of an enrichment. An unjust enrichment claim has five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment or impoverishment, and (5) no other remedy at law." *Edmonston v. A-Second Mortg. Co. of Slidell, Inc.,* 289 So. 2d 116, 120 (La. 1974). Plaintiffs may introduce parol evidence to establish their unjust enrichment claims, despite the need for a written contract in this context. *See Rogers v. Brooks*, 122 Fed. Appx. 729, 734 (5th Cir. 2004).

Defendant argues that summary judgment is appropriate because Plaintiffs do not have any evidence showing that Defendant received a benefit from Plaintiffs' contract with Garry Causey. As Defendant points out, Plaintiffs wrote checks made out to Garry, who deposited them. However, Plaintiffs argue that they are awaiting subpoena responses from the banks of Defendant Karry and his brother. These responses will purportedly show that Garry Causey transferred money to Defendant after depositing Plaintiffs' checks. Thus, genuine issues of material fact exist as to whether Defendant received a benefit, and Defendant is not entitled to summary judgment on Plaintiffs' unjust enrichment claim.

### 3. Fraud Claim

Defendant argues that he is entitled to summary judgment on Plaintiffs' fraud claim because the claim has prescribed. However, as Plaintiffs point out, the record does not support Defendant's prescription argument. A fraud claim can arise under tort law or contract law. La. Civ. Code art. 1953; *Johnson v. First Nat. Bank of Shreveport*, 792 So. 2d 33, 47 (La. Ct. App. 2001). A tort action is "subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492. Courts have found that the plaintiff's injury or damage is sustained when the plaintiff has actual or constructive knowledge of the alleged tort. *Mistich v. Cordis Mfg. Co.,* 607 So. 2d 955, 956 (La. Ct. App. 1992). The plaintiff has constructive knowledge when he "has sufficient information to excite attention sufficient to prompt further inquiry." *Bell v. Demax Mgmt. Inc.*, 824 So. 2d 490, 493 (La. Ct. App. 2002). In a contract action, fraud renders the contract relatively null. *See* La. Civ. Code art. 2031. An action to annul a relatively null contract must be brought within five years from the time the nullity was discovered. La. Civ. Code art. 2032.

Here, the evidence is insufficient to support Defendant's claim of prescription. In the tort context, the parties have not

definitively shown when Plaintiffs acquired actual or constructive knowledge of Defendant's fraud. Prescription in the contract context also depends on when Plaintiffs discovered the fraud. Because the time of the events triggering prescription are uncertain, genuine issues of material fact exist as to whether Plaintiffs' claims for fraud have prescribed.

Further, Plaintiffs may introduce parol evidence to prove their allegations of fraud. As restricted to the proof of fraud, parol evidence is admissible even when the law requires the underlying contract to be in writing. *Mitchell v. Clark*, 448 So. 2d 681, 686 (La. 1984); *Le Bleu v. Savoie*, 33 So. 729, 730 (La. 1903). Thus, the lack of a written agreement is not a ground for granting summary judgment to Defendant on Plaintiffs' fraud claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* (**Rec. Doc. 27**) is **GRANTED IN PART AND DENIED IN PART.**

New Orleans, Louisiana this 16th day of December, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT