UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOSH NORRIS, ET AL.                               CIVIL ACTION

VERSUS                                            NO: 14-1598

GARRY CAUSEY, ET AL.                              SECTION: "J"(4)


<u>**ORDER AND REASONS**</u>

Before the Court is a *Motion for Partial Reconsideration* (**Rec. Doc. 33**) filed by Plaintiffs, Josh and Jill Norris ("Plaintiffs"), and an *Opposition* thereto (**Rec. Doc. 35**) filed by Defendant, Karry Causey ("Defendant" or "Karry Causey"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED IN PART AND DENIED IN PART**.

<u>**PROCEDURAL HISTORY AND BACKGROUND FACTS**</u>

Plaintiffs Josh and Jill Norris are residents of the state of Michigan. After Hurricane Katrina in 2005, Mr. Norris, a licensed plumber, traveled to New Orleans to seek work. In April 2007, Plaintiffs met Defendant, Karry Causey, and his brother, Garry Causey. The Causeys proposed an investment to Plaintiffs, in which Plaintiffs would supply funds to purchase hurricane-damaged properties in New Orleans. The Causeys would then renovate the properties and sell them for a profit. The parties agreed to share the profits of their venture equally. In furtherance of this

1

agreement, Garry Causey drafted a Joint Venture Agreement. Plaintiffs signed the agreement and returned it to Garry Causey. Defendant Karry did not sign the agreement.

The Causeys recommended a property at 5103 Music Street ("the Music Street property") for their first renovation. Garry Causey owned this property. On June 14, 2007, Plaintiffs delivered a check for $48,000 payable to Garry Causey for the renovations of the Music Street property. Garry Causey deposited the check on June 19. Defendant Karry then instructed Plaintiffs to pay for architectural plans for the property from a specific company. Plaintiffs allege that they spent $1,000 on the plans. Next, the Causeys approached Plaintiffs about another property located at 4767 Marigny Street ("the Marigny Street property"). Plaintiffs wrote Garry Causey a check for $45,000 for construction on the Marigny Street property. Garry Causey deposited the check on August 7, 2007. Plaintiffs made the initial $93,000 in payments using their equity line of credit.

Despite Plaintiffs providing funds for the projects, the Causeys failed to move forward on the renovations. According to Plaintiffs, the Causeys told them that Garry Causey was unable to acquire additional funding for construction and materials. In the meantime, Plaintiffs had to pay monthly finance charges on their line of credit. The Causeys agreed to make monthly payments to Plaintiffs, but they stopped making payments after a few months.

In 2009, Garry Causey transferred his 50% interest in the Marigny Street property to Mark Anthony Holdings. Plaintiffs contend that Garry Causey is "involved" with this entity. Further, Mark Anthony Holdings owned the other 50% interest in the property, which it transferred to Turn Our Lights on X, an entity in which Defendant Karry was involved. In 2014, the two entities constructed a residence on the property and sold it for a profit. The entities did not share the profit with Plaintiffs.

On July 10, 2014, Plaintiffs filed suit against Karry and Garry Causey for rescission of the joint venture agreement and asking for a judgment holding Defendants liable for the principal amount of $93,000, interest, attorney's fees, costs, and any other damages allowed by law or equity. Plaintiffs alleged unjust enrichment, fraud, breach of contract, and other claims. After Garry Causey failed to answer the complaint, Plaintiffs received a default judgment against him on March 5, 2015. On December 3, 2015, Defendant filed a Motion for Summary Judgment. Plaintiffs filed an opposition on December 8.

On December 16, this Court issued an Order and Reasons that granted Defendant's motion in part and denied it in part. This Court held that Plaintiffs could not pursue a breach of contract claim against Defendant Karry Causey because the law requires a joint venture agreement pertaining to real property to be in writing and Karry Causey did not enter into a written contract

3

with Plaintiffs. This Court also ruled that Plaintiffs' fraud claim was subject to a five-year prescriptive period, pursuant to Louisiana Civil Code article 2032.

On January 6, 2016, Plaintiffs filed the instant motion, requesting that this Court review its December 16 order. Defendant Karry Causey opposed the motion on January 14.

**PARTIES' ARGUMENTS**

Plaintiffs argue that this Court erred in three ways. First, Plaintiffs claim that the Court incorrectly granted summary judgment to Defendant on Plaintiffs' breach of contract claims. The Court found that Plaintiffs and Defendant Karry Causey did not enter into a written contractual agreement, as is required by law. Plaintiffs argue that the law does not require joint venture agreements to be in writing when the agreement does not involve the "direct transfer of immovable property." Plaintiffs cite several Louisiana cases, claiming the courts have held that joint venture agreements to develop and sell investment properties do not need to be reduced to writing.

Second, Plaintiffs argue that Karry Causey tacitly accepted the contract signed by Plaintiffs and Garry Causey. Plaintiffs claim that both Karry and Garry Causey approached them about developing the Music Street Property, after Garry and Plaintiffs had signed the agreement. According to Plaintiffs, both Garry and Karry requested that they send a $48,000 check to Garry.

4

Subsequently, Karry Causey asked Josh Norris to obtain plans for the property from a local company. Plaintiffs also allege that both Karry and Garry approached them about the Marigny Street property. Again, Plaintiffs claim that both Causeys requested payment in the amount of $45,000. For a short period of time, both Garry and Karry made payments to Plaintiffs for their monthly finance charges.

Plaintiffs also argue that Karry Causey tacitly accepted the agreement because bank records show that Garry Causey deposited money into Karry's account after receiving Plaintiffs' checks. Thus, Plaintiffs argue that Karry Causey accepted the contract even though he did not sign it. Alternatively, they argue that genuine issues of material fact exist with respect to Karry's tacit acceptance. Plaintiffs admit that Karry Causey contests their description of his activities in the development of the property.

Third and finally, Plaintiffs argue that all of their claims are subject to a ten-year prescriptive period. This Court found that Plaintiffs' claim for rescission based on fraud is subject to a five-year prescriptive period that commenced when Plaintiffs obtained actual or constructive knowledge of the fraud. Plaintiffs disagree. Plaintiffs argue that Civil Code article 3499 establishes a prescriptive period of ten years for all personal actions. Louisiana courts have held that claims arising out of a joint venture agreement are subject to the ten-year personal action

prescriptive period. Thus, Plaintiffs argue that all of their claims, including their fraud claim, are subject to the ten-year prescriptive period.

In his opposition, Defendant Karry first argues that he is not bound by the agreement between his brother and Plaintiffs. Defendant asserts that a written contract is required for agreements pertaining to the transfer of real property. Karry argues that he did not sign any such written agreement. Defendant claims that the cases cited by Plaintiffs do not apply because those cases focused on determining the terms of a joint venture. In this case, the Court merely needed to determine whether such an agreement existed, not its terms.

Further, Defendant argues that he did not tacitly accept the terms of the joint venture agreement because he refused to sign the agreement. Defendant claims that his role in the joint venture was to manage construction on the property once the parties secured financing. Because the parties never managed to obtain financing for the properties, Defendant argues that he never rendered a performance that would constitute tacit acceptance of the contract. Defendant also claims that the bank records do not prove that he accepted the contract. Karry claims that he and Garry were in the market of "flipping" properties, which often required Garry to transfer funds to Karry.

Third, Defendant argues that this Court improperly decided that Plaintiffs may pursue an unjust enrichment claim. Defendant argues that a party can only bring an unjust enrichment claim if he has no other cause of action. Here, Plaintiffs have delictual and contractual rights of action, even though these actions may have prescribed. Thus, Defendant argues that Plaintiffs may not bring an unjust enrichment claim. Finally, Defendant argues that the ten-year prescriptive period does not apply because he and Plaintiffs were not parties to a joint venture agreement. Instead, Defendant claims without elaboration that Plaintiffs' fraud claim is subject to a one-year prescriptive period.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e); *Lavespere*, 910 F.2d at 173.

However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). FED. R. CIV. P. 60(c); *Lavespere*, 910 F.2d at 173. In the present case, Plaintiffs' *Motion for Reconsideration* (Rec. Doc. 33) was filed on January 6, 2016, which is within twenty-eight days of the issuance of the order (of December 16, 2015). As a result, Plaintiffs' *Motion for Reconsideration* is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest

error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence"); *Schiller*, 342 F.3d at 567.

## DISCUSSION

As discussed above, Plaintiffs argue that the Court's previous decision was manifestly erroneous in three ways. The Court will address each of their contentions in turn.

## A. Breach of Contract

First, Plaintiffs argue that a joint venture agreement to develop investment property does not need to be reduced to writing. Plaintiffs are incorrect. Louisiana courts have unequivocally held that an agreement pertaining to immovable property must be in writing, even if it does not involve the direct transfer of property. *See Ogden v. Ogden*, 643 So. 2d 245, 246 (La. Ct. App. 1994) ("[M]onetary damages arising out of the inexecution of a contract concerning an immovable must meet the same requirements of proof as a claim for specific performance."). The alleged joint venture agreement involved the purchase and development of immovable property. The agreement clearly "concerned" immovable property. Thus, the law requires the contract to be confected in writing.

The cases cited by Plaintiffs involve actions for breach of fiduciary obligation.[1] In each case, the joint venture agreement was not reduced to a written contract. Regardless, the courts allowed the plaintiffs to pursue breach of fiduciary obligation claims. Plaintiffs extrapolate from these cases that a written agreement is not required to pursue a breach of contract claim. However, Plaintiffs fail to recognize that breach of fiduciary

---

[1] *Grand Isle Campsites, Inc. v. Cheek*, 262 So. 2d 350 (La. 1972); *Brignac v. Barranco*, No. 2014-1578, 2015 WL 5306216 (La. Ct. App. Sept. 10, 2015).

duty and breach of contract are different claims subject to different evidentiary rules. A plaintiff may be able to pursue some claims without a written contract even when the law requires a contract to be in writing. For example, this Court previously held that Plaintiffs could pursue their claim for rescission based on fraud even though the law required a written contract for a breach of contract claim. *Mitchell v. Clark*, 448 So. 2d 681, 686 (La. 1984); *Le Bleu v. Savoie*, 33 So. 729, 730 (La. 1903).

While the cases Plaintiffs cite are unpersuasive, this Court failed to fully explore the legal impact of the contract signed by Plaintiffs and Garry Causey in its previous decision. It is undisputed that Karry Causey did not sign the contract. However, the agreement referred to Karry as one of the joint venturers and contained a signature line for Karry. Thus, the parties clearly contemplated that Karry would be a party to a written agreement. While an agreement pertaining to immovable property must be in writing, "[t]here is no requirement that the writing be signed by both parties." *Miller v. Miller*, 335 So. 2d 767, 769 (La. Ct. App. 1976). "[W]ritten acceptance of a contract or an act of sale is not necessary, but may be established by acts clearly indicating acceptance." *Saunders v. Bolden,* 98 So. 867, 869 (La. 1923). Because a written agreement exists in this case, the Court finds that Plaintiffs are entitled to pursue their breach of contract claims.

**B. Tacit Acceptance**

Because a written contract may be accepted by performance, Plaintiffs must prove that Karry Causey accepted the contract by his actions. As described above, Plaintiffs argue that Karry acted in furtherance of the contract and accepted funds provided by Plaintiffs to Garry. Karry Causey contests Plaintiffs' description of his actions.

"When, because of special circumstances, the offeree's silence leads the offeror reasonably to believe that a contract has been formed, the offer is deemed accepted." La. Civ. Code art. 1942. Thus, an offeree may accept by "silent deed as well as by word." *Johnson v. Capital City Ford Co.,* 85 So. 2d 75, 81 (La. Ct. App. 1955). "[C]onsent may be implied from actions under the circumstances, as well as by expressed words; but such acceptance of, founded on such consent to, an offer nevertheless creates a valid contract, and the offerer is bound by the obligation previously offered by him in exchange for the act which the obligee has performed in response to the offer . . . ." *Id.* These acts must unequivocally imply or indicate consent. *Ill. Cent. Gulf R. Co. v. Int'l Harvester Co.,* 368 So. 2d 1009, 1012 (La. 1979). In some cases, the law expressly creates a legal presumption that certain acts amount to consent. When the law does not provide a presumption, the judge has the discretion to decide whether a party's actions constitute acceptance. *Id.*

Here, the parties introduced conflicting evidence of Karry's actions following the execution of the contract by Garry and Plaintiffs. Thus, genuine issues of material fact exist as to Karry's acceptance. These issues will be resolved at the trial of this matter.

## C. Prescription

Finally, Plaintiffs argue that all of their claims are subject to a ten-year prescriptive period because their claims are based on the joint venture agreement. Plaintiffs correctly assert that the default prescriptive period for personal actions is ten years. "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La. Civ. Code art. 3499. Plaintiffs also correctly assert that claims arising out of a joint venture agreement, such as breach of fiduciary duty, are subject to the default ten-year period. *See Henley v. Haynes*, 376 So. 2d 1030, 1031 (La. Ct. App. 1979). Louisiana courts have acknowledged that breach of contract claims are also subject to a ten-year statute of limitations. *Johnson v. Kennedy*, 103 So. 2d 93, 98 (La. 1958).

However, Plaintiffs' fraud claim is subject to a five-year prescriptive period. Traditional canons of statutory interpretation provide that a specific law trumps a general law. *Catahoula Par. Sch. Bd. v. La. Mach. Rentals, LLC*, 124 So. 3d 1065, 1079 (La. 2013). Article 3499 is general. It states that personal

13

actions are subject to a ten-year prescriptive period, unless other legislation provides otherwise. La. Civ. Code art. 3499. Here, another article is directly on point. Article 2032 specifically provides that a claim for rescission of a contract for fraud is subject to a five-year prescriptive period. La. Civ. Code art. 2032. Plaintiffs' argument ignores the fact that different claims asserted in the same complaint may be subject to different prescriptive periods. Thus, Plaintiffs' fraud claim is subject to a five-year statute of limitations. Plaintiffs' arguments to the contrary lack merit.

This Court's Order and Reasons was manifestly erroneous in deciding that Plaintiffs could not pursue a breach of contract claim against Karry Causey. In all other respects, it was legally sound. In his opposition, Defendant argued that this Court should have granted him summary judgment on Plaintiffs' unjust enrichment claims. However, Defendant did not file a Motion for Reconsideration on this subject, and the Court declines to consider an argument made only in opposition. The Court will decide any issues arising out of the unjust enrichment claim at trial.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Reconsideration* (**Rec. Doc. 33**) is **GRANTED IN PART AND DENIED IN PART.**

14

**IT IS FURTHER ORDERED** that the portion of this Court's Order and Reasons **(Rec. Doc. 31)** that granted summary judgment to Defendant on Plaintiffs' breach of contract claim is **VACATED.**

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Leave to File Reply* **(Rec. Doc. 38)** is **DENIED** as moot.

New Orleans, Louisiana this 26th day of January, 2016.


_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT